# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MITTAL STEEL POINT LISAS LTD., <br><br>        Plaintiff, <br><br>    v. <br><br> UNITED STATES <br><br>        Defendant, <br><br> GERDAU AMERISTEEL CORP. AND KEYSTONE CONSOLIDATED INDUSTRIES, INC. <br><br>        Defendant- <br>           Intervenors. | BEFORE: Pogue, Judge <br><br> Court No. 05-00681 |

## MEMORANDUM OPINION

In <u>Carbon and Certain Alloy Steel Wire Rod from Trinidad & Tobago</u>, 70 Fed. Red. 69,512 (Dep't Commerce Nov. 16, 2005)(notice of final results of antidumping duty administrative review) and its corresponding "Issues and Decisions Memorandum" dated November 16, 2005, the Department of Commerce ("Commerce") calculated a constructed export price ("CEP") for Mittal Steel Point Lisas Ltd.'s ("Mittal's") U.S. sales by, <u>inter alia</u>, deducting credit expenses for the time period between shipment from the port in Trinidad & Tobago and the date payment was received. Although this was consistent with Commerce's general practice of using the date of shipment as the date of sale for purposes of calculating credit expenses, it was inconsistent with Commerce's actions in other

sections of the administrative review, where Commerce had treated Mittal's later date of invoice, rather than the date of shipment, as the date of sale. Accordingly, the court granted the government's motion for partial voluntary remand in order to address this issue, instructing Commerce to "determine the date on which credit expenses should begin to run, keeping in mind its previous determination in this review that the material terms of sale are not set until Mittal issues an invoice," and permitting Commerce to "reassess its decision regarding inventory carrying costs in light of its reconsideration of credit expenses." Mittal Steel Point Lisas Ltd. v. United States, 31 CIT __, Slip Op. 07-60 at 22, 24 (Apr. 24, 2007).

On remand, Commerce found that because it had used the date of invoice as the date of sale in this review, it was appropriate to calculate credit expenses from the date of invoice, rather than the date of shipment. Commerce further recalculated Mittal's carrying costs to reflect the date of sale occurring on the date of invoice. Mittal submitted comments indicating its agreement with Commerce's determination of credit expenses and subsequent recalculation of CEP, and with Commerce's determination of carrying costs.

This court, having received and reviewed Commerce's Remand Results and Mittal's comments in response thereto,[1] finds that

---

[1]Defendant-Intervenors filed no comments on the remand results.

Commerce duly complied with the court's remand order.  Therefore, it is hereby

ORDERED that the remand results filed by Commerce on June 21, 2007 are affirmed in their entirety.  Judgment will be entered accordingly.

/s/ Donald C. Pogue
Donald C. Pogue, Judge

Dated:    August 8, 2007
          New York, New York

# UNITED STATES COURT OF INTERNATIONAL TRADE

MITTAL STEEL POINT LISAS LTD.,

        Plaintiff,

    v.

UNITED STATES

        Defendant,

GERDAU AMERISTEEL CORP. AND
KEYSTONE CONSOLIDATED INDUSTRIES,
INC.

        Defendant-
           Intervenors.

BEFORE: Pogue, Judge

Court No. 05-00681

## JUDGMENT

This action having been duly submitted for decision, and this court, after due deliberation, having rendered a decision herein; now, in conformity with that decision, it is hereby

ORDERED that the remand results filed by the Department of Commerce on June 21, 2007 are affirmed in their entirety.

                            /s/ Donald C. Pogue
                            Donald C. Pogue, Judge

Dated:    August 8, 2007
           New York, New York